UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL BRANDON ADAMS** ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:14-1055 |
| ] | Judge Trauger |
| **JAMES HOLLOWAY, WARDEN** ] | |
|     Respondent. ] | |

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Warden James Holloway, his former custodian at the Charles Bass Correctional Complex, seeking a writ of habeas corpus.

### I. Background

On July 29, 2004, the petitioner pled guilty in Sumner County to aggravated child abuse. Docket Entry No. 21-3 at pgs. 46-47. For this crime, he received a sentence of eighteen (18) years in prison. *Id.* at pgs. 48-57. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

In March, 2005, however, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Sumner County. Docket Entry No. 21-1 at pgs. 3-6. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 15-17. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction

relief. Docket Entry No. 21-7. The Tennessee Supreme Court later denied petitioner's application for further review. *Id.*

## II. Procedural History

On April 22, 2014, the petitioner initiated the instant action with the filing of a petition (Docket Entry No. 1) for federal habeas corpus relief.[1] The petition contains two claims for relief. These claims include (1) the ineffectiveness of counsel, and (2) an unknowing and involuntary guilty plea.

By an order (Docket Entry No. 8) entered September 8, 2014, the Court granted the petitioner's motion to hold this action in abeyance while he exhausted his state court remedies. The file was administratively closed subject to a motion to reopen from either party.

On petitioner's motion, the case file was reopened on January 23, 2015. Docket Entry No. 12. Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 22), to which the petitioner has offered no response. Upon consideration of the petition, respondent's Motion to Dismiss and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

---

[1] The petition is stamped by the Clerk's Office as having been received on April 24, 2014. However, a pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petitioner avers that the petition was placed in the prison postal system for mailing on April 22, 2014. Docket Entry No. 1 at pg. 7.

Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In his Motion to Dismiss, the respondent argues that this action is time-barred. A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner pled guilty and was sentenced on July 29, 2004. No direct appeal of the conviction was taken. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his conviction final on August 28, 2004. Consequently, the petitioner had one year from this date, or until August 28, 2005, in which to initiate the instant action.

After two hundred twelve (212) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[3] The filing of that petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On June 23, 2008, the Tennessee Supreme Court rejected the petitioner's application for

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] The post-conviction petition was filed on March 28, 2005. The 212 days are calculated as follows : 3 days (8/29 - 8/31/04) + 30 days (9/1 - 9/30) + 31 days (10/1 - 10/31) + 30 days (11/1 - 11/30) + 31 days (12/1 - 12/31) + 31 days (1/1 - 1/31) + 28 days (2/1 - 2/28) + 28 days (3/1 - 3/28/05) = 212 days.

3

further review of his post-conviction petition, Docket Entry No. 21-7, thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred twelve (212) days of the limitation period, the petitioner was left with one hundred fifty three (153) days, or until November 23, 2008, in which to initiate the instant action.[4]

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on April 22, 2014, more than sixty four (64) months after the limitation period had expired. As a consequence, this action is untimely.[5]

### IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S.Ct. 2549 (2010). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the

---

[4] 365 days - 212 days = 153 days. The 153 days are computed as follows : 7 days (6/24 - 6/30) + 31 days (7/1 - 7/31) + 31 days (8/1 - 8/31) + 30 days (9/1 - 9/30) + 31 days (10/1 - 10/31) + 23 days (11/1 - 11/23/08) = 153 days.

[5] In the petition, the petitioner makes reference to at least five post-conviction actions taken in state court beginning in 2012. Docket Entry No. 1 at pgs. 2-4. These actions, however, were initiated well after the limitation period had already lapsed. Thus, they had no tolling effect on the limitation period. Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003).

4

petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way and prevented the timely filing of his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this regard, the petitioner states that he has been diligently pursuing relief in the state courts since the publication of the decisions rendered in Alleyne v. United States, 133 S.Ct. 2151 (2013)(any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, that must be submitted to a jury), and Heard v. Addison, 728 F.3d 1170 (10th Cir. 2013)(discussion of the ineffectiveness of counsel). Docket Entry No. 1 at pg. 5. These decisions, however, were issued almost five years after the expiration of the limitation period and have no tolling effect. The petitioner has acknowledged that his conviction became final more than one year prior to the filing of the instant action. *Id.* It does not appear that he was diligently pursuing his rights. Nor has the petitioner identified any extraordinary circumstance that prevented a timely filing of this action.

## V. Conclusion

Having carefully reviewed the pleadings and the record, the Court finds that this action has not been filed in a timely manner. Moreover, equitable tolling of the limitation period is not warranted in this instance. Therefore, respondent's Motion to Dismiss (Docket Entry No. 22) the petition has merit. Consequently, said motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

                                                Aleta A. Trauger
                                                United States District Judge